UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 2 0 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| MELINDA MORA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ 3132 |
| | § | |
| UNIVERSITY OF TEXAS | § | **3-09 C V 0 9 2 7 - N** |
| SOUTHWESTERN MEDICAL CENTER, | § | |
| | § | |
| Defendant. | § | |
| | § | **JURY DEMANDED** |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Melinda Mora ("Mora" or "Plaintiff"), and brings this cause of action against University of Texas Southwestern Medical Center ("UTSWMC" or "Defendant") for violation of federal statute, and respectfully pleads as follows:

### I.

### JURISDICTION AND VENUE

1.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1331, in that this is a civil action arising under the Americans with Disabilities Act of 1990 at 42 U.S.C. § 12112 *et seq.* ("ADA").

2.      The ADA grants jurisdiction to this Court.

3.      Venue is proper in this court pursuant to 28 U.S.C §§ 1331, 1391.  Venue is proper as to Plaintiff's ADA claims because the unlawful employment practices Plaintiff

complaints of were committed in this District.  Furthermore, (1) Plaintiff resides in this District;
(2) Defendant is located in this District; and (3) a substantial part of the events or omissions
giving rise to these claims occurred in this District.

4.    All preconditions to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-
5(f)(3), have been satisfied as follows:

a.    On or about November 23, 2007, Mora filed a timely charge (Charge No. 450-
2008-00659) (the "Charge") with the Texas Workforce Commission Civil Rights Division and
the United States Equal Opportunity Commission (hereinafter referred to as "EEOC"), alleging
disability discrimination and failure to accommodate her disability.  *A true and correct copy of
the Charge is attached as Exhibit "A" hereto and incorporated herein by reference.*

b.    Mora filed her EEOC charge within 300 days of the latest discrimination against
her on the basis of her disability.

c.    The EEOC issued a "right to sue" letter ("Notice") to Mora on February 20, 2009.
*A true and correct copy of the Notice is attached hereto as Exhibit "B" hereto and incorporated
herein by reference.*

d.    Mora filed this complaint within ninety (90) days of receiving the Notice.

## II.

## PARTIES

5.    Mora is a citizen of the United States, and a resident of Grand Prairie in Dallas
County, Texas.

6.    Mora is a "qualified individual with a disability" within the meaning of ADA §
101(8), 42 U.S.C. § 12111(8).

7.     Defendant is a quasi-governmental entity in Dallas County, Texas.  Defendant **University of Texas Southwestern Medical Center at Dallas** can be served with process by serving its **President, Daniel K. Podolsky, M.D., 5323 Harry Hines Blvd., Dallas, Texas 75390-9002.**

8.     UTSWMC is a "person" within the meaning of ADA §§ 101(5)(A), 42 U.S.C. § 12111(5)(A); and 101(7), 42 U.S.C. § 12111(7).

9.     UTSWMC employed more than 25 employees for each working day in more than 20 weeks during the preceding year.

10.     UTSWMC is a "covered entity" within the meaning of ADA § 101(2), 42 U.S.C. § 12111(2)

### III.

### FACTUAL ALLEGATIONS

11.     Mora was employed as the Manager of the Willed Body Program at UTSWMC.  Mora had been working for UTSWMC since 1996.

12.     She received regular raises for her performance; as recently as 2005 and 2006, she was reappointed as Manager.  Her salary was approximately $80,000 a year.  Mora was an esteemed Manager.  In the past, she was assessed as being "extremely instrumental," having "superb record keeping," and performing with the "utmost efficiency."  She was rated by UTSWMC as "extremely well organized" and "extremely compassionate and sensitive" to families of donors.  She was considered "extremely knowledgeable."  Mora was reviewed as "extremely courteous," "respectful," and always presenting herself in a "professional manner."

13.     UTSWMC's express policies state that it "complies with the requirements of the [ADA]... [and] provides... reasonable accommodations when appropriate, to qualified...

employees with disabilities." *A true and correct copy of UTSWMC's ADA Policy No. 6.070 is attached hereto as Exhibit "C" and incorporated herein.* UTSWMC recognizes that alcoholism is an "illness."

14.   Unfortunately, Mora is disabled under the ADA.  She has an impairment, substance and alcohol addiction, that substantially limits her major life activities.

15.   On February 12, 2007, Mora began receiving services for alcohol abuse through UTSWMC's Employee Assistance Program ("EAP").  Mora began this treatment voluntarily. *See attached Exhibit "D," a true and correct copy of a letter from the Clinical Case Manager describing the onset of Mora's EAP services.*

16.   Mora was referred to Timber Lawn for treatment.  Mora notified UTSWMC of her impairment.

17.   UTSWMC made no voluntary attempts at accommodations or reasonable accommodations to allow Mora to continue treatment.  Prior to her need for accommodation for alcohol dependence, UTSWMC promoted Mora and reviewed her as outstanding.  Now, after revealing her impairment, Mora was investigated by UTSWMC.  UTSWMC "nitpicked" at Mora, and took opportunities to reprimand her for others' mistakes or normal events.

18.   On February 1, 2007, representatives of UTSWMC's Human Resources and Employee Relations forced Mora to discuss her treatment, which she believed was completely confidential.  UTSWMC's EAP program specifically promises "the EAP will not reveal any information to [UTSWMC]," with exceptions only by consent, by law, or danger.  UTSWMC promises:  "No adverse action will be taken against you if you voluntarily seek treatment from the EAP..." Employee Guide (2000), pg. 30.

19.     In direct contradiction of UTSWMC's stated principles (and the ADA), Mora was fired by UTSWMC on February 9, 2007. Mora was not allowed to finish her treatment. Mora was not given accommodations for alcohol abuse rehabilitation program.

20.     UTSWMC continued to retaliate against Mora even after firing her. UTSWMC prevented Mora from finding employment in her field. UTSWMC has disparaged Mora. As a result, Mora was denied employment with a Fort Worth hospital.

21.     UTSWMC's unlawful and discriminatory actions have left Mora financially devastated. Mora has been forced to seek employment outside the medical community which has resulted in a substantial loss of income.

## IV.

## CAUSE OF ACTION

## ADA DISABILITY DISCRIMINATION

22.     Mora is a qualified disabled individual under the ADA. She is disabled by dependence and addiction to alcohol. With an effective rehabilitation, she was qualified to do her job.

23.     At all times, Defendant UTSWMC failed to reasonably accommodate Mora for her disabilities. UTSWMC discriminated against Plaintiff on the basis of her disability.

24.     UTSWMC retaliated against Mora for exercising her rights under the ADA.

25.     UTSWMC's actions constitute a continuing violation of the American with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*

26.     Due to UTSWMC's actions Mora has suffered, and continues to suffer, damages including, but not limited to lost wages, both past and future, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

27.     UTSWMC's actions in investigating Mora, preventing her from getting help, and seizing the chance to fire her were done with malice aforethought and/or reckless indifference, entitling Mora to punitive damages under the ADA.

28.     To redress the injuries sustained by Mora as a result of UTSWMC's actions, Mora has retained the undersigned counsel to represent her in this action.   Mora therefore seeks recovery of her reasonable attorneys' fees, experts' fees and costs.

29.     As a direct and proximate result of UTSWMC's unlawful treatment of Mora, Mora has suffered significant monetary damages.

## V.

## DAMAGES

30.     Plaintiff has suffered and continues to suffer anxiety, depression, feelings of lack of self worth and rejection due to the actions and inaction of Defendant.  In addition, as a result of Defendant's acts and omissions as described, Plaintiff has suffered emotional mental anguish and loss of enjoyment of life.

31.     Plaintiff claims compensatory damages for medical expenses, emotional harm, mental anguish, loss of enjoyment of life, attorney's fees and costs, loss of earning capacity and other future pecuniary losses.

32.     Plaintiff claims economic damages including full back pay and front pay, full back benefits and front benefits, pre and post-judgment interest in an amount to be shown at trial and other relief deemed appropriate by the Court.

## VI.

### PRAYER AND RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment against Defendant including general or compensatory damages, punitive damages, reasonable and necessary attorney's fees and court costs under 42 U.S.C. § 1988, and any other relief, both special and general, to which Plaintiffs may be justly entitled.

### JURY DEMAND

33.     Plaintiff has requested a trial by jury.

Respectfully submitted,

Harold D. Jones
Texas Bar No. 10894020
E. Ashley Goodwin
Texas Bar No. 24051776
**LAW OFFICES OF**
**ANDERSON+JONES pllc**
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone:  (972) 789-1160
Facsimile:  (972) 789-1606

**ATTORNEYS FOR PLAINTIFF**

## VI.

## PRAYER AND RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment against Defendant including general or compensatory damages, punitive damages, reasonable and necessary attorney's fees and court costs under 42 U.S.C. § 1988, and any other relief, both special and general, to which Plaintiffs may be justly entitled.

## JURY DEMAND

32.    Plaintiff has requested a trial by jury.

Respectfully submitted,

_____
Harold D. Jones
Texas Bar No. 10894020
E. Ashley Goodwin
Texas Bar No. 24051776
**LAW OFFICES OF**
**ANDERSON+JONES pllc**
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone:  (972) 789-1160
Facsimile:  (972) 789-1606

## ATTORNEYS FOR PLAINTIFF

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2008-00659 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Melinda V. Mora** | **(972) 602-8839** | **07-12-1967** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4532 Harpers Ferry Drive, Grand Prairie, TX 75052** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER** | **500 or More** | **(214) 648-4349** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5323 Harry Hines Blvd., Dallas, TX 75390** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **02-09-2007**   Latest **11-23-2007**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.   PERSONAL HARM:

A.   On or about February 9, 2007, I was notified that I was being discharged from my position of Manager - At Willed Body Program.

B.   I was denied a reasonable accommodation for my disability in that I was denied the opportunity to complete medical treatment for my disability or to receive additional medical treatment as a condition of continued employment.

C.   I have been and continue to be denied employment by prospective employers since February 9, 2007 and continuing through the present date. I believe such denials have been and continue to be based on unfavorable references from Respondent (University of Texas Southwestern Medical Center).

*(Continued on Next Page)*

**EXHIBIT**

**A**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>X *[signature]* |
| **Nov 23, 2007**   *[signature]*<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>*November 23, 2007   [signature] Melva J. Best* |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2008-00659 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

II.  RESPONDENT'S REASON FOR ADVERSE ACTION:

   A.  Sherri Ray, Director of Public Relations told me I was no longer employed. When I asked her why, she told me she did not have to give me a reason because I was an "at-will employee". However, the Texas Workforce Commission was told by Respondent that I was fired for being intoxicated while on the job.

   B.  No reason was given.

   C.  No reason was given.

III.  DISCRIMINATION STATEMENT:

I believe I have been discriminated against because of my disability and/or because Respondent regarded me as being disabled, in violation of Title I of the Americans With Disabilities Act of 1990. I was discharged while I was still under medical treatment for my disability.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>X _Meledih_ |
| **Nov 23, 2007** _X Meledih_<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>_November 23, 2007_   _Melva J. Best_ |

EEOC Form 161 (2/08)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Melinda V. Mora<br>4532 Harpers Ferry Drive<br>Grand Prairie, TX 75052 | From: **Dallas District Office**<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No.<br><br>450-2008-00659 | EEOC Representative<br>**Melva J. Best,**<br>Investigator | Telephone No.<br><br>**(214) 253-2819** |
|---|---|---|

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **back pay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

*Melva J. Best /for*

Michael C. Fetzer,
Director

02/20/09
(Date Mailed)

cc: **Vernon R. Mullen**
**Assistant Vice President – Ofc. of Equal Opportunity**
**UNIV. OF TX SOUTHWESTERN MED CENTER**
**5323 Harry Hines Blvd.**
**Dallas, TX 75390-**

EXHIBIT

B

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS       --       Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS       --       Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION       --       Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE       --       All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## The University of Texas
## Southwestern Medical Center at Dallas
## Human Resources Policy Memorandum

**SUBJECT: Americans with Disabilities Act (ADA)**
**POLICY NO: 6.070**
**ISSUE DATE: January 4, 2008**          **REVISION NO:**

I. **Policy**

UT Southwestern complies with the requirements of the Americans with Disabilities Act of 1990 (the "ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and Chapter 21 of the Texas Labor Code ("TCHRA"). UT Southwestern provides equal employment opportunity, with reasonable accommodations when appropriate, to qualified applicants and employees with disabilities. UT Southwestern also provides to employees, students, and members of the general public who have disabilities equal access, with reasonable accommodations when appropriate, to UT Southwestern services, programs, and activities. UT Southwestern will take prompt action to seek equitable resolution of complaints alleging violations of Title II of the ADA or Section 504.

II. **Complaint Procedure**

A.  Students, staff, faculty, applicants (job applicants and applicants for admission), and other beneficiaries of the programs, services and activities of UT Southwestern may initiate complaints alleging violations of the ADA, Section 504, or the TCHRA by submitting a complaint in writing to the ADA Coordinator. The Assistant Vice President of the Office of Equal Opportunity and Minority Affairs serves as the ADA Coordinator. A person who becomes aware of an alleged violation should promptly refer the allegations to the Assistant Vice President of Equal Opportunity and Minority Affairs. A written complaint should be made as soon as possible after the action complained of occurs but in no case later than 10 working days after such occurrence. Where good cause is established, the ADA Coordinator may extend the period in which a complaint may be filed.

B.  After investigating the complaint, the ADA Coordinator will prepare a written determination and send a copy of the report to the complainant.

C.  If the complainant is dissatisfied with the ADA Coordinator's determination, a written appeal setting forth the basis for the appeal may be made to the Vice President for Corporate and Community Relations. This appeal must be submitted within 10 working days of the date of the ADA Coordinator's determination. The Vice President of Corporate and Community Relations will review the ADA Coordinator's determination and issue a written decision to the complainant within thirty working days from the date the appeal was received. The decision of the Vice President of Corporate and Community Relations is final.

III. **Definitions**

A.  **Disability** – with respect to an individual, means a person who has a physical or mental impairment that substantially limits one or more major life activities, has a record of such impairment, or is regarded as having such an impairment.

**EXHIBIT**
C

B. <u>**Qualified individual with a disability**</u> – an individual  person with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires, and who, with or without reasonable accommodation, can perform the essential functions of such position.

C. <u>**Substantially Limits**</u> -- An impairment is only a "disability" if it substantially limits one or more major life activities. An individual must be unable to perform, or be substantially limited in the ability to perform, an activity compared to an average person in the general population.

D. <u>**Essential Functions**</u> – In determining essential job functions, a number of factors are considered. Among these factors are: the employer's judgment, a written job description, the amount of time spent performing the function, the consequences of not requiring a person in this job to perform a function and the work experience of people who have performed the function in the past or are currently performing the function. The nature of the work operation and the organizational structure may also be factors in determining whether a function is essential.

E. <u>**Reasonable accommodation**</u> – Any modification or adjustment to a job, an employment practice or the work environment that makes it possible for an individual with a disability to enjoy an equal employment opportunity. UT Southwestern is not required to provide the "best" or "most desired" accommodation; UT Southwestern can meet its obligation as long as its proposed accommodations are sufficient to satisfy the employment, learning, or accessibility needs of the individual requesting the accommodation.

## IV.  <u>Requesting Accommodations</u>

A. An individual requesting an accommodation should submit a request to the ADA Coordinator indicating the nature of the disability or impairment and the accommodation requested. It is the responsibility of the individual to provide documentation from a qualified health care professional of a non-obvious disability or impairment.

B. The ADA Coordinator will determine if additional medical information is needed to assess whether the requestor is an individual with a disability, and will furnish the requestor with any forms necessary for the requestor's qualified health care professional to complete.

C. The ADA Coordinator will evaluate the information provided to determine the requestor's eligibility for an accommodation.

D. If the requestor is eligible for an accommodation, the ADA Coordinator will coordinate with the necessary staff and the requestor to identify essential functions of the job and determine whether there is an effective, reasonable accommodation that will allow the performance of essential functions by the requestor.

E. **Undue Hardship** – UT Southwestern is not required to make a reasonable accommodation if it would impose an undue hardship on UT Southwestern's operations. An "undue hardship" is an action that requires "significant difficulty or expense" in relation to the size of the employer, the resources available, and the nature of the operation. In determining whether there is an undue hardship, factors that should be considered include the nature and cost of the accommodation in relation to the size, the financial resources, and the nature and structure of the operation, as well as the specific impact of the accommodation on the specific facility providing the accommodation.

F. The ADA Coordinator will follow up on the requestor's status/progress as the need arises.

# SOUTHWESTERN

THE UNIVERSITY OF TEXAS
SOUTHWESTERN MEDICAL CENTER
AT DALLAS

**Employee Assistance Program**

February 12, 2007


To:      Whom it May Concern

From:  Louise Foster-Wilson, MA, LPC
         Clinical Case Manager
         Dept. of Psychiatry

Re:      Ms. Melinda Mora

Ms. Melinda Mora voluntarily began receiving EAP services on Thursday, January 11, at the UTSW EAP, with subsequent visits on January 24, and February 7, 2007.  My impression, based on interview and assessment was alcohol abuse caused by depression, stress, and burnout.  She was referred to Timberlawn, Las Colinas for further assessment/intensive outpatient treatment, as deemed necessary.

Ms. Mora has been compliant with referrals/recommendations made during the course of her treatment, and is scheduled to continue therapy.



EXHIBIT

D

**Southwestern Medical School**  5323 Harry Hines Blvd. / Dallas, Texas 75390-9116 / (214)648-5330    Fax (214)648-8389
website: www2.utsouthwestern.edu/eap/     e-mail: eap@utsouthwestern.edu

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Melinda Mora

### DEFENDANTS

University of Texas Southwestern Medical Center

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dallas, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Dallas, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Harold D. Jones
Texas Bar No. 10894020

LAW OFFICES OF
ANDERSON+JONES PLLC
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone:  (972) 789-1160
Facsimile:  (972) 789-1606

ATTORNEYS (IF KNOWN)

RECEIVED
BY
MAY 20 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-09CV0927-N

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizens of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☐ 4 |
| Citizens of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizens or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL INJURY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 28 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 42 U.S.C. § 12112 et seq.

Plaintiff alleges violations under the Americans with Disabilities Act

### VII. REQUESTED IN COMPLAINT

DEMAND    Not specified

Check YES only if demanded in complaint:
JURY DEMAND:  ☒ YES    ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions)    None ✓

DATE    5/20/09

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

001.989565.1